IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02160-PAB-TPO

WANDA JAMES,

     Plaintiff,

v.

CALLIE RENNISON, in her official and individual capacities,
KEN MONTERA, in his official and individual capacities,
ELLIOT HOOD, in his official and individual capacities,
FRANK MCNULTY, in his official and individual capacities,
RAY SCOTT, in his official and individual capacities,
ILIANA SPIEGEL, in her official and individual capacities, and
MARK VANDRIEL, in his official and individual capacities,

     Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendants' Motion to Immediately Stay all Proceedings Except Those Concerning Immunity Defenses [Docket No. 24]. Plaintiff has filed a response, Docket No. 38, and defendants filed a reply. Docket No. 40.

## I. BACKGROUND

This case arises out of a July 2, 2025 disciplinary action taken against plaintiff Wanda James, a University of Colorado Regent, by seven other University of Colorado Regents. *See generally* Docket No. 1. Ms. James alleges that the disciplinary action violates her First and Fourteenth Amendment rights and constitutes racial discrimination. *Id.* at 24-29, ¶¶ 126-174. On May 18, 2026, the same day that she filed the case, Ms. James filed a motion for a preliminary injunction, Docket No. 2, which is fully briefed. Docket Nos. 21, 29. In response to the motion for a preliminary injunction,

defendants argue that they are entitled to sovereign immunity, legislative immunity, and quasi-judicial immunity.  Docket No. 21 at 10.  Defendants subsequently filed a motion to dismiss based on their claimed immunity.  Docket No. 25.  On June 12, 2026, defendants filed a motion to stay, requesting that the Court stay all proceedings—including those related to plaintiff's motion for preliminary injunction—until it rules on the immunity defenses in the motion to dismiss.  Docket No. 24.  On June 29, 2026, the Court set a preliminary injunction hearing for July 21, 2026.  Docket No. 37.  On July 6, 2026, plaintiff filed an amended complaint as a matter of course.  Docket No. 42.  On July 8, 2026, defendants appealed the Court's June 29, 2026 minute order setting the preliminary injunction hearing.[1]  Docket No. 43.  On July 9, 2026, the Court denied the motion to dismiss as moot due to the filing of the amended complaint.[2]  Docket No. 48.

---

[1] Defendants have not appealed an order on the motion to stay, nor could they, as the Court had not yet issued such an order at the time of the appeal.  Defendants assert that the appeal of the minute order divests the Court of jurisdiction over any further proceedings in this matter.  *Id.* at 2 (citing *Stewart v. Douglas*, 915 F.2d 572, 574-78 (10th Cir. 1990)).  The Court disagrees that it is divested of jurisdiction.  It is true that "[t]he collateral order doctrine can permit interlocutory review of an order that 'finally determine[s]' a government official's claim of qualified immunity, because the official has a right at stake that is 'separable' from the rights asserted in the action.  *Arroyo v. Myers*, 2024 WL 1714490, at *3 (10th Cir. Apr. 22, 2024) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985)).  But because the order must be final, "[i]mmediate review of an order on qualified immunity is . . . appropriate in only two scenarios: (1) when the order denying qualified immunity turns on an issue of law . . .; or (2) when the lower court's failure to explicitly rule on qualified immunity operates as an implicit denial of that defense."  *Id.* (internal quotations, citations, and alterations omitted).  Defendants argue that the second scenario applies, stating that "an order declining to address immunity defenses . . . implicitly denies immunity."  Docket No. 43 at 2.  But the minute order setting the preliminary injunction hearing does not address immunity.  Rather, the immunity issue would be ruled on at the preliminary injunction hearing.  Thus, the Court finds that it is not divested of jurisdiction.

[2] The Court assumes that defendants will file a new motion to dismiss.

## II. LEGAL STANDARD

A court may stay proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). A stay may, however, be appropriate in certain circumstances, such as "if resolution of a preliminary motion may dispose of the entire action." *Melgosa v. Manzanola 3J Sch. Dist.*, No. 19-cv-01330-DDD-KMT, 2019 WL 5189007, at *2 (D. Colo. Oct. 15, 2019). Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

### III.  ANALYSIS

Neither side has cited authority involving a request to stay the court's disposition of a motion for a preliminary injunction.  However, some courts within this circuit have tangentially dealt with this issue.  For instance, in *Ortiz v. Perry*, 2018 WL 10127621, at *1 (N.D. Okla. Jan. 18, 2018), the court considered multiple motions to dismiss—including one raising absolute immunity—and a motion for preliminary injunctive relief.  While no motion to stay was filed, the court held that it would resolve the motions to dismiss before resolving the motion for preliminary injunctive relief.  *Id.*, at *2.  In *Rodriguez as next friend of Rodriguez v. Heitman Props. of New Mexico, Ltd.*, 1999 WL 35808391, at *5 (D.N.M. Oct. 26, 1999), the court granted a motion to stay when there was a pending motion for a preliminary injunction, although there is no indication that defendants asserted immunity in that case.  While these cases are not entirely on point, they support the Court having authority to reserve ruling on a motion for a preliminary injunction in appropriate circumstances.  The Court will analyze whether such appropriate circumstances exist here.

### A.  <u>Whether the Court Should Take a Preliminary Peek at the Merits of the Immunity Arguments</u>

While both parties discuss the *String Cheese* factors, their briefing primarily focuses on the merits of defendants' immunity arguments.  *See generally* Docket Nos. 24, 38.  Plaintiff states that "[a] court evaluating a stay request must take a 'preliminary peek' at the merits of the dispositive motion on which the stay rests."  Docket No. 38 at 4.  "In connection with a motion to stay, a 'preliminary peek' involves considering the potential merits of the dispositive motion and assessing the likelihood the motion to dismiss will be granted."  *Est. of Deweese v. Hancock*, No. 24-cv-00960-DDD-NRN,

2024 WL 4333366, at *5 (D. Colo. Sept. 27, 2024) (citations omitted).  However, "no

element of the *String Cheese* factors requires that this court make a preliminary

determination as to the likelihood of success of either the dispositive motion or the

ultimate merits of this case," *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL

981308, at *2 (D. Colo. Mar. 15, 2021) (citations omitted), and "[t]here is no authority

from the United States Court of Appeals for the Tenth Circuit . . . that requires a court to

take a 'preliminary peek' at the merits of the Motion to Dismiss."  *Growcentia, Inc. v.

Jemie, B.V.*, No. 20-cv-02619-WJM-NYW, 2021 WL 37668, at *2 (D. Colo. Jan. 5,

2021).  Contrary to plaintiff's assertion, courts in this district often refuse to take a

preliminary peek at the relevant dispositive motion when ruling on a motion to stay.  *See

Young v. Colo. Dep't of Corr.*, No. 23-cv-01688-NYW-SBP, 2024 WL 4581162, at *4 (D.

Colo. Oct. 25, 2024) (refusing to analyze the merits of a motion to dismiss when ruling

on a motion to stay); *Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL

5957126, at *6-7 (D. Colo. Sept. 13, 2023) (same); *Growcentia*, 2021 WL 37668, at *2

(same); *Est. of Thakuri by & through Thakuri v. City of Westminster*, No. 19-cv-02412-

DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) (same); *Cook*, 2021 WL

981308, at *2 (overruling the plaintiff's objection that the magistrate judge should have

assessed the merits of defendants' dispositive motions when determining whether a

stay was warranted); *but see Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 WL

980383, at *1 (D. Colo. Apr. 9, 2009) (briefly considering the merits of a motion to

dismiss when ruling on a motion to stay).

       The Court finds that taking a "preliminary peek" at defendants' motion to dismiss

is inappropriate.  Instead, the Court finds that, even in the context of a plaintiff seeking a

preliminary injunction, the *String Cheese* factors provide the most appropriate basis for determining whether to grant a motion to stay.  This is because the factors account for any potential prejudice a plaintiff might face in having to wait for the resolution of its motion for a preliminary injunction. [3]

### B.  *String Cheese* Factors

#### 1.  *Prejudice to Plaintiff*

Plaintiff states that she would be prejudiced by a stay because she "is suffering an ongoing constitutional injury."  Docket No. 38 at 11.  Plaintiff contends that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."  *Id.* (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Defendants, on the other hand, state that plaintiff's "nearly year-long delay in bringing this suit . . . undercuts any claim of urgency and suggests she will not be prejudiced by an additional delay."  Docket No. 24 at 8 (citing *Colo. Moror Carriers Ass'n v. Town of Vail*, 153 F.4th 1052, 1066 (10th Cir. 2025)).

Generally speaking, "a plaintiff . . . has an interest in expeditious litigation."  *Morill v. Aarhaus*, No. 24-cv-00199-PAB-KAS, 2024 WL 5509967, at *1 (D. Colo. July 9, 2024) (citing *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021)).  This is particularly true when there is a pending motion for preliminary injunction, which "is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights."  *Big O Tires, Inc. v. Bigfoot 4X4, Inc.*, 167

---

[3] Defendants suggest that their potential immunity automatically entitles them to a stay of proceedings, making application of the *String Cheese* factors unnecessary.  *See* Docket No. 40 at 3.  The Court rejects this contention and will analyze defendants' potential immunity in the context of the *String Cheese* factors.

F. Supp. 2d 1216, 1228 (D. Colo. 2001) (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 679 (10th Cir. 1984)).  However, defendants claim that plaintiff's delay in filing this lawsuit belies plaintiff's claim that a stay would cause her prejudice.  Docket No. 24 at 8. Plaintiff states that she delayed filing this suit because she "spent nearly a year trying to persuade Defendants to rescind the sanctions before concluding litigation was her only remaining option."  Docket No. 38 at 12.  Plaintiff does not, however, explain why such steps took over ten months.  Nor does plaintiff identify any concrete instances of how the disciplinary measures she is subjected to will adversely affect her over the coming weeks or months.  Rather, she focuses on the general prejudice stemming from the alleged infringement of her constitutional rights.  *Id.* at 11-12.  In spite of her delay in filing suit and the lack of identification of concrete harm caused by a temporary stay, plaintiff has an interest in the expeditious litigation of her constitutional claims.  But she fails to show significant prejudice during the time it would take to resolve the issue of immunity.

Plaintiff also argues that a stay is inappropriate because she needs to conduct discovery to rebut defendants' claims of immunity.  *Id.* at 10.  Specifically, plaintiff identifies as disputed facts the Board of Regents' motives in disciplining her.  *Id.*  The Court finds that the immunity issues are unlikely to turn on motive and, if they do, plaintiff may make that argument as a reason to deny immunity until she is able to conduct discovery.  Therefore, plaintiff fails to demonstrate that she needs discovery to adequately oppose the motion to dismiss.  Thus, on balance, this factor weighs slightly in favor of defendants.

7

### 2. *Burden on Defendants*

Defendants' argument regarding burden centers around the protections inherent in immunity. *See generally* Docket No. 24. Immunity entitles a defendant to "*immunity from suit* rather than a mere defense to liability." *Mitchell*, 472 U.S. at 526; *Lucero*, 2023 WL 5957126, at 8 ("immunity 'is *an entitlement not to* stand trial or *face the other burdens of litigation*.'") (quoting *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015)). "Thus, the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Albright v. Rodriguez*, 51 F.3d 1532, 1534 (10th Cir. 1995) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Immunity seeks to protect government officials from "the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell*, 472 U.S. at 526 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). In this respect, immunity is "for the public good." *Sable v. Myers*, 563 F.3d 1120, 1124 (10th Cir. 2009) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951)).

Plaintiff argues that defendants have already briefed the motion for a preliminary injunction and therefore any prejudice to defendants has already occurred. Docket No. 38 at 13. Specifically, plaintiff notes that defendants have filed a lengthy opposition to the motion for a preliminary injunction, which is supported by sworn declarations and voluminous exhibits. *Id.* Defendants, however, assert that preparing for the July 21, 2026 hearing would impose substantial burdens, such as witness preparation, preparing for cross-examination, and preparing exhibits. Docket No. 40 at 4. This is especially true, according to defendants, considering that the parties intend to call some of the

Regent defendants—who may be entitled to immunity—as witnesses, thus directly subjecting defendants to the burdens of litigation.[4]  *See* Docket Nos. 30, 34.

In order to obtain preliminary injunctive relief, the moving party must show that she is likely to succeed on the merits.  *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019).  The likelihood of success prong of the analysis subsumes whether defendants are entitled to immunity.  But, even though the issue of immunity would be addressed at the preliminary injunction hearing, defendants are correct that it would be burdensome for defendants to prepare for and to participate in a preliminary injunction hearing.  Immunity serves to protect defendants from unnecessary pretrial proceedings.  *See Ruiz-Sosa*, 2022 WL 375575, at *2.

The Court finds that preparing for and attending a preliminary injunction hearing is a substantial burden on defendants.  Thus, the second *String Cheese* factor weighs in favor of defendants.

### 3.  Convenience to the Court

The third factor also weighs in favor of defendants.  "Where a pending motion may dispose of an action[,] . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed."  *Lucero*, 2023 WL 5957126, at *9 (quoting *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010)).  And, in the event the Court determines that defendants are not entitled to immunity, it would be more convenient to

---

[4] Defendants also argue that they face a "substantial" burden because the July 21, 2026 preliminary injunction hearing would conflict with a preplanned annual meeting of the Board of Regents.  Docket No. 40 at 4.  This argument is unavailing given the fact that defendants could simply file a motion to reset the preliminary injunction hearing.

hold a preliminary injunction hearing that is focused solely on the merits of the case, rather than also having to focus on immunity.

### 4. Interests of Non-Parties

The parties have not identified any non-parties with significant, particularized interests in this case. Thus, this factor is neutral.

### 5. Public Interest

The public has an interest in cases that question whether public institutions are operating within the bounds of the law. *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 WL 950876, at *5 (D. Colo. Mar. 12, 2013). But the Supreme Court is clear that immunity, and protecting immune defendants from the burden of litigation, is in the public interest, as immunity prevents public officials from being distracted by litigation, and avoids deterring people from public service. *Mitchell*, 472 U.S. at 526. The Supreme Court has stated that legislative immunity—which defendants assert in this case—exists "for the public good." *Tenney*, 341 U.S. at 377. The Court finds that these competing considerations make this factor neutral.

Therefore, the first, second, and third factors weigh in favor of defendants. The fourth and fifth factors are neutral. The balance of factors weighs in favor of a stay. Thus, the Court will stay this action pending the Court's ruling on whether defendants are entitled to immunity.

### C. Motion to Conduct Discovery

Plaintiff filed a motion to conduct discovery in advance of the preliminary injunction hearing and in advance of the Court's ruling on defendants' motion to dismiss. Docket No. 33. Because the motion to dismiss is now moot, the motion to conduct discovery, which is targeted at the motion to dismiss, is also moot. In the event plaintiff

10

believes that discovery on a new motion to dismiss is warranted, she may file a new motion.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendants' Motion to Immediately Stay all Proceedings Except Those Concerning Immunity Defenses [Docket No. 24] is **GRANTED**.  It is further

**ORDERED** that the Motion for Limited Expedited Discovery in Advance of the Preliminary Injunction Hearing and Ruling on Defendants' Motion to Dismiss [Docket No. 33] is **DENIED without prejudice as moot**.  It is further

**ORDERED** that this case is stayed pending the Court's ruling on whether defendants are entitled to immunity.  It is further

**ORDERED** that the July 21, 2026 preliminary injunction hearing is **VACATED**.  It is further

**ORDERED** that defendants shall file a motion to dismiss asserting immunity defenses which can be resolved as a matter of law on or before **July 21, 2026**.

DATED July 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

11